ELLIS, Judge.
This is an appeal by James Paul Glynn from a judgment increasing the amount to be paid for the support of his 18 year old son, James J. Glynn, from $27.50 to $32.50 per week. The judgment was rendered after trial of a rule filed by Mrs. Glynn asking for an increase in support, and a counter rule filed by Mr. Glynn asking for a reduction.
In support of her prayer for an increase, Mrs. Glynn testified that her gross household expenses were approximately $450.00 per month. One third of that amount is attributable to young Glynn. Other than a small increase in her house rent, and the rise in the cost of living, she showed no change in her circumstances.
Young Glynn testified that his expenses had increased as the result of his school activities, and because his father had given him an automobile for his birthday. He testified that he was bearing the cost of the operation, maintenance and insurance of the automobile.
Mr. Glynn based his request for a reduction on the fact that his son was earning about $82.50 per month from a part time job. He claims that this income should be applied as an offset against the needs of his son. He indicated no change in his circumstances other than a cost of living increase in his pay. No question was raised as to his ability to pay support.
Child support payments are fixed on the basis of the ability of the father to pay and the needs of the child. Article 231, Civil Code. There is nothing in the record to suggest that Mr. Glynn is not able to pay the amount awarded by the court. The record reflects an increase in the living expenses of young Glynn because of his age and school activities and because of the operating expenses of the automobile given him by his father. The latter ex *251 penses must have been anticipated by Mr. Glynn when he made the gift.
The trial judge must have found that young Glynn’s income was more than offset by his increased expenses, coupled with the rise in the cost of living. We cannot say that this finding is manifestly erroneous.
The judgment appealed from is affirmed at appellant’s cost.
Affirmed.